**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYANNA K. ALFANO,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>Defendant-Appellee. | No. 18-35699<br><br>D.C. No. 3:17-cv-05776-MAT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted September 1, 2020**
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and STEARNS,*** District Judge.

Petitioner Bryanna Alfano appeals the denial of her application for disability

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

benefits and Supplemental Security Income. The district court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo and the final decision of the Office of Disability Adjudication and Review for substantial evidence. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). We affirm.

**1.** Substantial evidence supports the decision of the Administrative Law Judge (ALJ) to give little weight to the opinion of Alfano's treating physician. An ALJ may discount the opinion of a claimant's treating physician if there is substantial record evidence contradicting that opinion. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ must provide clear and convincing reasons for rejecting a treating physician's conclusions. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ meets this burden by thoroughly summarizing the facts and conflicting medical evidence, expressly interpreting that evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Here, the ALJ thoroughly detailed the conflicts between the treating physician's opinion and both Alfano's testimony and other record evidence, and he provided cogent justification for declining to defer to that opinion. The Commissioner acknowledges that the ALJ's comment that the treating physician exhibited a "willingness to overstate the severity of the claimant's conditions" lacks support in the record, and we note that

2

the ALJ's comment that the treating physician's records "do not mention a 'cycling mood or explosiveness'" appears to be contradicted by the physician's May 17, 2016 treatment notes. We conclude that these errors are inconsequential to the ultimate determination that the treating physician's opinions were not consistent with the record as a whole. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). We conclude that the ALJ's overall resolution of conflicting record evidence was not unreasonable.

**2.** Substantial evidence supports the ALJ's evaluation of the reports of Alfano's other examining physicians. The ALJ made specific findings regarding the conflict between these reports and both Alfano's testimony and her treating physician's opinion. The ALJ's resolution of the conflicting evidence was not unreasonable, even if other interpretations may be reasonable.

**3.** Substantial evidence supports the great weight afforded by the ALJ to the opinions of non-examining state psychologists. An ALJ may give weight to medical opinions that are consistent with the overall record. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4). For non-examining sources, the weight given to the opinion depends "on the degree to which they provide supporting explanations for their medical opinion" and how "consistent [the] medical opinion is with the record as a whole." *Id.* § 404.1527(c)(3)–(4). The ALJ here considered

3

the supporting explanations provided in the state psychologists' opinions and found that they were consistent with treatment records, school evidence, and Alfano's activities of daily living. The ALJ's finding that these opinions were consistent with the record as a whole and entitled to significant weight was not an unreasonable interpretation of conflicting evidence.

4. The ALJ's decision to reject Alfano's testimony regarding the severity of her impairments is supported by substantial evidence. In making the disability determination, the ALJ is responsible for "determining credibility and resolving conflicts in the medical testimony." *Magallanes*, 881 F.2d at 750. However, without evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony, which requires identification of "what testimony is not credible and what evidence undermines" the testimony. *Lester*, 81 F.3d at 834. Here, the ALJ outlined the conflict between Alfano's testimony and other evidence in the record at each step of his determination and explained how her testimony was not supported by the body of evidence. The ALJ's credibility determination was not unreasonable.

5. Alfano's other arguments are premised on her arguments that the ALJ erred in weighing the medical evidence and discrediting her testimony. Because the ALJ did not unreasonably give little weight to Alfano's testimony and the

opinion of her treating physician based on the conflicting record evidence, substantial evidence supports the ALJ's determinations with regards to Appendix 1 Listings 12.04 and 12.06, Alfano's residual functional capacity, and job availability.

AFFIRMED.